### CALVIN FULLERTON *v.* LYMAN BRIGGS.

A special authorization of a person to serve process, indorsed upon the back of the writ, and signed by the magistrate issuing it, in these words,—" *I authorize A. B. to serve and return this according to law,*"—is sufficient, upon plea in abatement. No uncertainty can exist, as to what is intended by the pronoun *this.*

BOOK ACCOUNT. The original writ was made returnable before a justice of the peace, and was served by one Harry Tracy, who was specially authorized to serve it by `an indorsement upon the back of the writ, signed by the justice before whom it was returnable, which was in these words,—" *I authorize Harry Tracy to serve and return this according to law.*" The defendant pleaded in abatement the defect in the authorization; and the plaintiff demurred.

The county court, May Term, 1847,—DAVIS, J., presiding,—decided, that the plea was sufficient, and rendered judgment, that the writ abate. Exceptions by plaintiff.

*O. H. Smith,* for plaintiff, cited *Dummerston* v. *Jamaica,* 5 Vt. 399; *Shrewsbury* v. *Mountholly,* 2 Vt. 220; *Fairlee* v. *Corinth,* 9 Vt. 265; 1 Chit. Pl. 237; *Isaacs, Adm'r,* v. *Willey et al.,* 12 Vt. 674.

*Spalding & Dean,* for defendant, cited *Shrewsbury* v. *Mountholly,* 2 Vt. 220; Rev. St. 171, § 22; *Montpelier* v. *Andrews,* 16 Vt. 604; *Pollard* v. *Wilder,* 17 Vt. 48; *Brown* v. *Bebee,* 1 D. Ch. 227; *Wainwright et al.* v. *Straw et al.,* 15 Vt. 215.

BY THE COURT. The only question in this case is, whether the omission of the word *writ,* in the deputation to serve the same, was such a variation from the prescribed statute form, as to render a service by the person named invalid, when impeached by a plea in abatement. The majority of the court think it was not,—that the intendment is so obvious, that no uncertainty exists, as to what the pronoun *this* refers to, and as to what the magistrate intended to auhorize Tracy to serve and return. Although a *formula* is prescrib-

ed, we are all agreed, that a literal adherence to it is not indispens-
able. Unimportant verbal variations, such as would not, under the
statute prescribing the form of a process warning persons to depart
from towns, where they had no legal settlement, render the warning
ineffectual, clearly would not vitiate the service.

The judgment of the county court is reversed, and the case is re-
manded to that court for farther proceedings.

DAVIS, J., dissenting.